UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In Re:                                                                    Case No.  08-62435
                                                                          Chapter 7
KENNEDY J. HYDE,

                                        Debtor.
_____

TRACY HOPE DAVIS,                                             Adv. Proceeding No.  11-80008
United States Trustee for Region 2,

                                        Plaintiff,

    -vs-

KENNEDY J. HYDE,

                                        Defendant.
_____

**STATEMENT OF MATERIAL FACTS**
**ON MOTION FOR SUMMARY JUDGMENT**

       Pursuant to Local Rule 7056-1, the following is a concise statement of the material facts as to which the plaintiff, TRACY HOPE DAVIS, United States Trustee for Region 2 ("the Plaintiff" or the "United States Trustee"), contends that there is no genuine issue to be tried:

       1.     The Defendant KENNEDY J. HYDE ("Debtor" or "Defendant") is an individual and commenced this case in the Bankruptcy Court of the Northern District of New York on October 6, 2008 ("Filing Date"), by filing a voluntary pro se petition for voluntary relief under Chapter 7 of the Code ("Petition").  Bankr. Dkt. 1.

       2.     Defendant's petition indicated an address for the Debtor of 6 Evergreen Lane, Oneonta, New York.  Bankr. Dkt. 1.

3. At the time of filing, Defendant resided with his brother and sister-in-law, Keith and Jeanne Hyde, in Hamilton, Ohio. According to Jeanne Hyde, the Defendant resided in her home from 2003 through 2009. See Federal Bureau of Investigation Report July 5, 2011 ("FBI Report"), attached hereto as Exhibit "A".

4. The Petition indicated Debtor had $25.00 in Cash on the day of filing. Bankr. Dkt. 1.

5. The Petition indicated that the Defendant had no cash in checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. Bankr. Dkt. 1.

6. However, on the date of filing, Defendant was in fact in possession of substantial cash and had total control over a checking account (number 7020435678) held at the Fifth Third Bank in Ohio ("Fifth Third Account") as set forth in further detail in the FBI Report. See Exhibit "A". See also copy of Fifth Third Bank signature card, attached hereto as Exhibit "B".

7. At the time of filing, the Defendant was employed by GKN Aerospace ("GKN") located in Cincinnati, Ohio. See letter from GKN dated October 1, 2008, attached hereto as Exhibit "C".

8. Defendant was employed with GKN until August 20, 2009. See letter from GKN dated August 20, 2009, attached hereto as Exhibit "D".

9. Defendant's employment application and eligibility verification form list the Defendant's address as 6427 Hughes Ridge Lane, Liberty Township, Ohio, 45011. See employment application dated October 6, 2008, attached hereto as Exhibit "E".

10. The Defendant's income from GKN was electronically deposited into the Fifth Third Account. See Fifth Third Account bank statements, attached hereto as Exhibit "F".

11. The First Meeting of Creditors, pursuant to 11 U.S.C §341 ("First 341 Meeting") was held on November 17, 2008. Bankr. Dkt. 8. Chapter 7 trustee, James C. Collins was the duly appointed trustee. See First 341 Meeting Transcript November 17, 2008 ("First 341 Meeting Tr.") filed herewith.

12. At the First 341 Meeting, Defendant testified to the truthfulness and completeness of his schedules. See First 341 Meeting Tr. at 6: 14-15.

13. The Defendant failed to disclose his entitlement to any cash or bank accounts. See bankruptcy petition generally, Bankr. Dkt. 1.

14. Defendant completed and submitted a Domestic Support Obligation Disclosure Form ("DSO Form") to Trustee Collins on November 18, 2008, attached hereto as Exhibit "G".

15. Defendant's schedules, testimony and DSO Form confirm that Defendant had outstanding child support enforcement obligations. The DSO identifies the Defendant's employer as GKN. Bankr. Dkt. 1 and see Exhibit "G".

16. Defendant was granted a discharge ("Initial Discharge") on January 20, 2009. Bankr. Dkt. 21.

17. Defendant's Initial Discharge was vacated by Court order, dated May 18, 2010. Bankr. Dkts. 24, 25 and 26.

18. Defendant was subsequently granted a discharge ("Final Discharge") on May 24, 2010. Bankr. Dkt. 21.

3

19. On or about December 17, 2009, Defendant moved to 6 Evergreen Lane, Oneonta, New York, to live with his sister Kristen Tupper ("Tupper"). See deposition transcript of Kristen Tupper ("Tupper Tr.") dated January 25, 2011 filed herewith, at 7:7-12.

20. Prior to moving to Oneonta with Tupper, Defendant told Tupper he would be electronically sending a check to her from the account of Jeanne C. Hyde. See Tupper Tr. 16: 7-9.

21. On December 17, 2009, the Defendant electronically authorized the transfer of $50,000 to Tupper from Jeanne C. Hyde's Fifth Third Bank account. See Fifth Third Bank Check dated December 17, 2009, attached hereto as Exhibit "H".

22. On December 24, 2009, Tupper, at the request and with the accompaniment of Defendant, opened two bank accounts at the Delhi National Bank and deposited the $50,000 as follows: $49,000 in a savings account (#2599439) and $1,000 in a checking account (#10154434). See Tupper Tr. 20: 13-15; see Delaware National Bank of Delhi Savings Account Statement dated 01/12/2010, attached hereto as Exhibit "I"; and see Delaware National Bank of Delhi Checking Account Statement, dated 01/12/2010, Exhibit "J".

23. On February 16, 2010, Defendant electronically transferred $3,106.47 to Tupper from Jeanne Hyde's Fifth Third Bank account. See Tupper Tr. 19: 6-10; and see Fifth Third Bank Check dated February 16, 2010, attached hereto as Exhibit "K".

24. The check in the amount of $3,106.47 was deposited into Tupper's Delaware National Bank of Delhi savings account on February 24, 2010. See Delaware National Bank of Delhi Savings Account Statement, dated 03/12/2010, attached hereto as Exhibit "L".

25. Tupper testified that in April 2010, she and the Defendant had a disagreement resulting in the Defendant moving to 14 College Street, Hamilton, NY to live with another

family member, Kathryn Hyde. Tupper Tr. 6, 42. See also deposition transcript of Kathryn Hyde ("Kathryn Hyde Tr.") dated May 6, 2011, filed herewith, at 9: 2-14.

26. On April 26, 2010, Tupper closed the Delaware National Bank of Delhi savings and checking accounts and authorized the bank to issue a check (#4213651475) in the amount of $50,948.22 to be sent to Defendant. See Delaware National Bank of Delhi Official Check #4213651475, dated 04/26/2010 ("Bank Check"), attached hereto as Exhibit "M". See also Tupper Tr. 39: 10-19.

27. On May 7, 2010, Defendant cashed the Bank Check at the Delaware National Bank of Delhi. See Exhibit "M".

28. On May 7, 2010, Delaware National Bank of Delhi reported the foregoing transaction on Department of Treasury Form 104 Currency Transaction Report, attached hereto as Exhibit "N".

29. On July 26, 2010, the Oneida County Support Collection Unit advised Trustee Collins that Defendant was in possession of funds. See Oneida County Support Collection Unit letter to James C. Collins, Esq., dated July 26, 2010, attached hereto as Exhibit "O".

30. Trustee Collins filed an application with the United States Bankruptcy Court for the Northern District of New York to reopen Defendant's bankruptcy case to complete an investigation and administer assets. Bankr. Dkt. 34.

31. The United States Bankruptcy Court of the Northern District of New York granted Trustee Collins' application to reopen the case. Bankr. Dkt. 35.

32. On October 26, 2010 and January 18, 2011, Trustee Collins filed a motion compelling the Defendant to turn over the funds. Bankr. Dkt. 39, 92.

33. On February 8, 2011, the Court entered an Order Compelling Debtor to Turnover Funds and to Attend the 341 Meeting of Creditors. Bankr. Dkt. 118.

34. On July 13, 2011, the Court entered an Order Granting the Motion to Compel. Bankr. Dkt. 131.

35. The Defendant has failed comply with the orders of this Court, as referenced above.

Dated: February 16, 2012
Utica, New York

        **TRACY HOPE DAVIS**
        **UNITED STATES TRUSTEE**
        **FOR REGION 2**


        /s/ Erin P. Champion
        ERIN P. CHAMPION, ESQ.
        TRIAL ATTORNEY
        Office of the United States Trustee
        10 Broad Street, Room 105
        Utica, New York  13501
        (315) 793-8191