# United States Bankruptcy Court
## Northern District Of New York

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 7 |
| ) | |
| Kennedy J Hyde, ) | Case No: 08-62435-6-sdg |
| Debtor. ) | Adversary proceeding No. 11-80008-6 |

**FILED**

NOTICE OF MOTION

FEB 2 9 2012

OFFICE OF THE BANKRUPTCY CLERK
UTICA, NY

Kennedy J Hyde, debtor, alleges as follows:

When the conduct of a trustee violates Fed R Bankr P 9011, the United States Trustee should consider filing a motion for the imposition of sanctions.

1. On December 2 2010 hearing, trustee Collins stated before the Court of 'bank finally cooperating and provided documents yesterday'. Trustee Collins denied any contact with 'creditor', Kristen S Tupper Bridger, and yet had copy of a check in October 2010. Trustee had misled the Court on communication with 'creditor' by means of securing document, failed to specify a discharge date, or establish ownership to open the case, and continues rapport to this day with 'creditor'. A conflict of interests and unethical conduct continuing, and vindictively prosecuting as indicative of proceedings and outlined herein.

> 2-3.4.1   Declination of Cases
> A trustee should be familiar with §§ 101(4), 101(13) and 701(a), and must decline any appointment in which a trustee has a conflict of interest or lacks disinterestedness. A trustee's timely declination of cases or dockets and the reasons given, as well as a trustee's acknowledgment and evaluation of conflicts of interests, should be in writing and maintained in the appropriate file. See USTM 2-1.6.6 for discussion of conflicts of interest.

Defective trustee 341 filings [less than 20-days' notice] caused vindictiveness with procuring an order for signature permitting and then authorizing apprehension. The US Trustee must schedule a meeting of creditors to be held not less than 20 nor more than 40 days after the order for relief. Fed. R. Bankr. P. 2003(a). Notice of section 341 meeting must be provided to all parties of interest. Fed. R. Bankr. P. 2002(a)(1). Notice of section 341 meeting is given by the clerk of the court or other person as the court may direct pursuant to Fed. R. Bankr. P.

2002(a)(1). At least 20 days' notice of meeting by ordinary mail is *required* under Fed. R. Bankr. P. 2002(a). The enlargement or reduction of these time periods is prohibited. Fed. R. Bankr. P. 9006(b)(2) and 9006(c)(2). As noted on the record, each scheduled meeting failed to adhere with statutory requirements, and trustee's abusive actions took advantage of pro se litigant in procuring an order that is legally deficient. Trustee later stated of 'uncooperative debtor' to the Court with no foundation and only means to incite. Past 341 meeting date violations were excused February 3 2011 due to adverse weather and vehicle issues as travel is estimated 70 miles to Court location.

> 3-5.2 – SCHEDULING
> The United States Trustee must schedule a meeting of creditors to be held not less than 20 nor more than 40 days after the order for relief. Fed. R. Bankr. P. 2003(a). However, if the United States Trustee designates a place for the meeting that is not regularly staffed by the United States Trustee, then the meeting may be scheduled not more than 60 days after the order for relief. The enlargement or reduction of these time periods is prohibited. Fed. R. Bankr. P. 9006(b)(2) and 9006(c)(2).
> 3-5.3 - NOTICE
> Notice of the section 341 meeting must be provided to all parties of interest. Fed. R. Bankr. P. 2002(a)(1). Notice of the section 341 meeting is given by the clerk of the court or some other person as the court may direct (e.g., the debtor or an outside service) pursuant to Fed. R. Bankr. P. 2002(a)(1). At least 20 days' notice of the meeting by ordinary mail is required under Fed. R. Bankr. P. 2002(a).
> Pursuant to 11 U.S.C. § 343, debtors are required to attend the § 341 meeting of creditors. Special rescheduling is allowed by the United States trustee only for "good cause" and if the next available meeting date for the same location and trustee falls within the 35 or 60-day range for holding the meeting pursuant to Fed. R. Bankr. P. 2003. The United States trustee considers good cause to be:
> 1. serious medical reasons
> 4. unforeseen emergencies (including inclement weather)

2.  In conducting the meeting, the US Trustee should respond only to inquiries regarding administrative or procedural matters. The US Trustee should never give legal advice at the section 341 meeting, but should refer parties with legal questions to their attorneys. Several instances in numerous meetings, trustees offered legal advice as noted on the record, and questioning had deteriorated to a level constituting harassment; including threats of incarceration again. Trustee is vindictive in response to motions filed by Debtor citing truth of an issue, and abused court system to 'punish' for motions citing such malfeasances.

3-5.6 - QUESTIONING THE DEBTOR
The Federal Rules of Evidence do not apply to examinations conducted at a section 341 meeting and objections predicated upon those rules should not be entertained.
Fed. R. Bankr. P. 2004(b).
The examination constitutes a broad inquiry into the debtor's financial condition, the operation of its business, the desirability of its continuation, and all related matters including matters relevant to the formulation of a plan of reorganization. Questioning should not be allowed to deteriorate to a level constituting harassment or to focus on the dischargeability of a particular debt. Parties who wish to examine the debtor regarding dischargeability of particular debts or regarding other matters beyond the scope of the examination should be advised to consider alternate means of discovery. In re Nixon Elec. Supply, Inc., 85 B.R. 988 (Bankr. W.D. Tex. 1988). A section 341(a) examination is not a substitute for discovery in connection with an adversary proceeding.
2-2.4.2     Conducting the Meeting
Questioning should not be allowed to deteriorate to a level constituting harassment.

3.     The scope of examination of the debtor pursuant to 11 U.S.C. § 343: May relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . . The examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan. Fed. R. Bankr. P. 2004(b). Numerous questions throughout meetings held were outside scope of examination. Inquiries often stooped to level of threats and harassment. Trustees were improperly seeking assets pursuant to Fed. R. Bankr. P. 9014. Any action brought by the trustee to recover money or property pursuant to the trustee's avoiding powers must be brought as an adversary proceeding. Fed. R. Bankr. P. 7001.

4.     Trustee continued questioning post objection motion dated May 5, also submitted to the Court, again abuse of the legal process. Trustees in violating Fed. R. Bankr. P. and USC regulations infringes upon debtor's protected statutory and substantive rights; Due Process & Equal Protection. The deponent, Kathryn Hyde, has no direct knowledge of any aspect, subject to the scope of examination, 11 U.S.C. § 343; Fed. R. Bankr. P. 2004(b). Wherein, such deposition shall terminate and not continue as such questioning is being conducted in bad faith,

a manner that unreasonably annoys, embarrasses, and oppresses debtor. Sole purpose, as Tupper has attempted numerous occasions, to achieve an eviction on current residence, and that ploy was paraphrased to trustee Collins. Trustees who wish to examine deponents regarding dischargeability of particular debts or regarding other matters beyond the scope of the examination should be advised to consider alternate means of discovery. In re *Nixon Elec. Supply, Inc.*, 85 B.R. 988 (Bankr. W.D. Tex. 1988).

5. Trustee applied 'evidence' in motion hearing December 2, 2010 to open case, and yet refused to relinquish same 'evidence' previously demanded and in violation of Federal Rules of Discovery. Rule 9017 Evidence, the Federal Rules of Evidence and Rules 43, 44 and 44.1 F.R.Civ.P. apply in cases under the Code.

6. Trustee's ex parte statement of Tupper held during a private meeting did not afford the undersigned Due Process to depose and controvert 'testimony', nor was there any notice of examination served. Trustee Collins was also a trustee in Tupper ch7 case, and Tupper's child [Shauna Tupper] wherein both reported as fraudulent in ch7 submissions; conflict of interests.

7. Trustee's office is aware of and yet fails to take affirmative action upon a valid and verifiable documentation of bankruptcy fraud by Tupper; selective prosecution. The US Trustees are balking on Tupper investigation for fraud, and perhaps cut a deal. Trustee is seeking funds for their own compensation. Final Reports (Pre-Distribution); Trustee and Unpaid Professional Compensation, 5% of the amount in excess of $50,000 [$2,547.41]. In 2009, a fraudulent bankruptcy filing was done and even assisted her own daughter, Shauna Tupper, in committing such action that debtor is now accused of. Upon debtor's knowledge of unlawful filing in US Bankruptcy Court, April 2010, appropriate procedures were followed upon submission; USTP.Bankruptcy.Fraud@usdoj.gov. However, Tupper bypassed to 'work' trustee Collins knowing Tupper could easily manipulate as done before in own ch7 meeting before trustee, and daughter's ch7 filing as well. Ms Carol L Sasso replied to Debtor's complaint with detailed inquiry on general reporting form. However, investigation appears to be terminated as Ms Sasso communication ended upon misdirection from Tupper, and selective prosecution.

8. Undersigned has complied with rules and duties of debtor, contrary to trustee's false claims and continued misleading the Court:

> Rule 4002. Duties of Debtor
> (b) Individual debtor's duty to provide documentation.
> (1) Personal identification.
> Every individual debtor shall bring to the meeting of creditors under § 341:
> (A) a picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity; and
> (B) evidence of social-security number(s), or a written statement that such documentation does not exist.

9. Abusive, malicious conduct wherein trustees had debtor incarcerated for 10-days citing "missing a future hearing"; 8th amendment Cruel & Unusual punishment. Trustee approached hearings as an overbearing parent to teach a lesson, and vindictive in response to motions filed citing the truth. Debtor's "physical liberty" and "personal freedom" has been infringed upon by actions of trustees 18th of February, wherein directed and incited the US Marshals to break into residence causing damage to property, forcefully arrest causing serious physical injury, and taken directly to jail in direct violation of Rule 2005 [to bring the debtor before the court without unnecessary delay] wherein numerous constitutional rights were also abused. Due to unusually harsh winter of 2010-11, several road closures occurred, including days 341-meetings commenced. Including vehicle matters, Debtor has also experienced medical issues during that time frame as well. Trustee's will adjourn meetings, pursuant to code, for good cause: 1. serious medical reasons 4. unforeseen emergencies (including inclement weather). Trustees brought issues regarding missed 341-meetings before the Court and resolved February 3 2011 hearing. Action of Trustees on 18-Feb violated several Bankruptcy Rules as well as constituent's US Constitutional Rights; Due Process, Equal Protection, and Cruel & Unusual Punishment.

10. The February 8 2011 order was procured outside the scope of FedRBankr P 7001, and thus deficient on its face. No establishment ever made... mere accusations with no supporting evidence. Trustees manipulated facts of this case, completely ignoring Rule 9005, and utilizing perjured statements to mislead the court... a fallacy. This Order was utilized to illegally and unlawfully incarcerate constituent February 18 2011 for 10 days without access to telephone, legal counsel, adequate medical care, or the Courts as required under Rule 2005 and US Constitution. Constituent was severely injured that day at the direction and hands of Governmental officials. Since that time, a neurologist and several orthopedic specialist

examined constituent wherein two surgeries were performed [ACDF c3-c5 and ulna nerve transport right arm] to correct some damages inflicted. It is still not known [medical opinion] on permanency in respect to nerve damage. Scheduled medical care with family practitioner, and specialists in resolution to severe injury inflicted upon Debtor. The February 28 2011 hearing, trustees became an 'overbearing parent to teach Debtor a lesson' as shown in demeanor and vindictiveness of recorded hearing, including threats of incarceration again.

> **Rule 2005.** Apprehension and Removal of Debtor to Compel Attendance for Examination
> (a) Order to compel attendance for examination.
> (3) that debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay

11.   While incarcerated, the facility doctor failed to properly examine complaints of patient or referral to adequate facility to properly diagnose condition. Facility doctor paraphrasing statements a patient made citing orthopedic specialist probable cause is not receiving adequate care or a physician qualified to make that diagnosis. Deprivation of a right secured by the Constitution or laws of the United States. See *Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 n.12 (11th Cir. 2010)*. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. *Farmer v. Brennan, 511 U.S. 825, 832 (1994)*. Although the amendment does not require comfortable prisons, it prohibits inhumane ones. Id. To establish an Eighth Amendment claim based on prison conditions, an inmate must meet both an objective component, which requires that the conditions be "sufficiently serious," and a subjective component, which requires that the officials acted with "deliberate indifference to prisoner health or safety." *Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994)*. To meet the objective standard, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian, 503 U.S. 1, 9 (1992)*. We have previously explained that basic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety. *Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991)*. Both the duration and severity of prison conditions are relevant to the determination of whether the Eighth Amendment has been violated. See *Chandler v. Crosby, 379 F.3d 1278, 1295 (11th Cir. 2004)*.

**4th Amendment** (protects right to be free from unreasonable searches and seizures; provides that warrants shall issue only upon probable cause, supported by oath or affirmation). A "seizure" must be intentional in order to give rise to a Fourth Amendment deprivation. The "reasonableness" of that seizure (and, hence, its constitutionality) will be determined by an objective standard whereby the nature and quality of the intrusion is balanced against the importance of the governmental interest alleged to justify it.
False imprisonment or illegal detention -- Eberle v City of Anaheim, 901 F.2d 814 (9th Cir. 1990)
Apprehension of suspect with excessive force -- Graham v Connor, 109 S.Ct. 1865 (1989)

**8th Amendment** (prohibits cruel and unusual punishment). An inmate's claim based on inadequate medical care or the physical living conditions of his prison will be evaluated under the "deliberate indifference" standard.
Inmate denied certain privileges, such as visitation, practice of religious beliefs, access to legal materials, mail, etc. -- Sowell v Vose, 941 F.2d 32 (1st Cir. 1991)
Inattention to medical needs of inmate -- Estelle v Gamble, 429 U.S. 97 (1976); Sires v Berman, 834 F.2d 9 (1st Cir. 1987)

**14th Amendment** (a person's rights to life, liberty or property shall not be deprived without due process of law, nor shall any person be denied equal protection of the laws). A claimant may recover for a denial of procedural due process upon a showing that the defendant intentionally denied that process to which the claimant was constitutionally due.
Punishment of pretrial detainee -- Redman v County of San Diego, 942 F.2d 1435 (9th Cir.), cert. denied, 112 S.Ct. 972 (1991)
Inattention to medical needs of pretrial detainee -- Holmes v Sheahan, 930 F.2d 1196 (7th Cir.), cert. denied, 112 S.Ct. 423 (1991); Gaudreault v Municipality of Salem, 923 F.2d 203 (1st Cir.), cert. denied, 111 S.Ct. 2266 (1990)
Any conduct that "shocks the conscience" or "offends the community's sense of fair play and decency" -- Rochin v California, 342 U.S. 165 (1952); Pittsley v Warish, 927 F.2d 3 (1st Cir 1991)
Illegal interrogation or extraction of involuntary confession -- Rex v Teeples, 753 F.2d 840 (10th Cir.), cert. denied, 474 U.S. 967 (1985); Cooper v Dupnik, 963 F.2d 1220 (9th Cir. 1992)

Prosecution is vindictive, in violation of 5th amendment Due Process clause, if it is undertaken in retaliation for exercising of legally protected statutory or constitutional right. *US v Cyprian, C.A.7 (Ind.) 1994, 23 F.3d 1189*

Although vindictive motive for prosecution is often difficult to prove, one will be found where there is direct evidence of actual vindictiveness by prosecutor, or rebuttable presumption of vindictive motive may arise under certain circumstances. *US v White, CA2 NY 1992, 972 F2d 16*

Prosecution is vindictive and violates Due Process, if it is undertaken to punish a person for exercising a protected statutory or constitutional right. *US v Napue, CA7 Ill 1987, 834 F.2d 1311*

Although 5th amendment's Due Process clause does not contain Equal Protection clause, it does encompass Equal Protection principles and forbids discrimination that is so unjustifiable as to violate concepts of Due Process. *Strutt v Derwinski, Vet.App. 1991, 1 Vet.App. 114*

The concepts of Equal Protection of the laws and Due Process both stem from the American ideal of fairness, and are not mutually exclusive, nor are the concepts always interchangeable, in that Equal Protection of laws is a more explicit safeguard of prohibited unfairness than Due Process of law, but a discrimination may nevertheless be so unjustifiable as to be violative of Due Process. *Bolling v Sharpe, App.DC 1954, 74 S.Ct 693, 347 US 497, 98 L.Ed 884 Supp 75 S.Ct 753, 349 US 294, 99 L.Ed 1083*

The purpose of this clause is to secure every person within State's Jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statue or by its improper execution of its duly constituted agents. *Rogan v Calvert Cty Com'rs, 1950, 71 A.2d 47, 194 Md 229; State v King, 1936, 188 A 775, 135 Me.5; Hamm V State, 1959, 95 N.W.2d 649, 255 Minn 64*

Laws and procedures which discriminate against indigent defendants are inconsistent with the premise of equal treatment under the law. *Brown v State, 1975, 322 NE2d 708, 262 Ind 629*

This clause requires that all people be afforded Equal Protection of laws, and any statue or procedure which has effect of discriminating against defendants solely because they are indigent is constitutionally impermissible. *Hazlewood v State, 1974, 524 P.2d 704, 215 Kan 442*

Due Process of law is violated when government vindictively attempts to penalize person for exercising protected statutory or constitutional right. *US v Conkins, C.A.9 (Cal.) 1993, 9 F.3d 1377, 987 F.2d 564*

Judicial immunity does not bar "prospective injunctive relief against a judicial officer acting in her judicial capacity," nor does it bar an award of attorney's fees under 42 U.S.C. § 1988. *Pulliam v. Allen, 104 S. Ct. 1970, 1981, 1982 (1984)*

Pursuant to Rule 4005, Burden of Proof in Objecting to Discharge, at the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection. Shifting of burden of proof to defendant pursuant to rebuttable mandatory presumption would be

constitutionally impermissible under Due Process clause. *Govt of Virgin Islands v Parrilla, C.A.3 (V I) 1983, 7 F.3d 1097*

Conviction obtained through false evidence violates Due Process even when government not soliciting the evidence, knowingly allows it to go uncorrected when it appears, and this principle applies even though testimony goes only to credibility of the witness. *People Territory of Guam v Palomo, C.A.9 (Guam) 1994, 35 F.3d 368*

Knowing use of perjured testimony constitutes denial of Due Process. *US ex rel Del Vecchio v Ill Dept of Corrections, N.D.Ill. 1993, 795 F.Supp. 1406*

12. Contested Matters and Adversary Proceedings. Rule 9014 provides that, in a "contested matter," relief shall be requested by motion and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. Fed. R. Bankr. P. 9014. In essence, contested matters are disputes not designated as adversary proceedings in Fed. R. Bankr. P. 7001. Avoidance Powers. Any action brought by the trustee to recover money or property pursuant to the trustee's avoiding powers must be brought as an adversary proceeding Fed R Bankr P 7001 Fed R Bankr P 7001-7087 specify procedures applicable to adversary proceedings.

13. In that process, Contested Matters and Adversary Proceedings, and current motions before the Court, it's clearly shown that trustee's goal, in retaliation and vindictiveness, to incarcerate debtor; a claim previously denied but shown through referral to criminal court and actual imprisonment in violation of Rule 2005 and US Constitution.

14. Fed. R. Bankr. P. 9011 was amended in 1991 to clarify that sanctions may be imposed for the unnecessary delay or needless increase in the cost of the administration of a case (patterned after F.R. Civ. P. 11). The rule provides that a trustee's signature on a document constitutes a certification that the trustee has read the document; that to the best of the trustee's knowledge, information, and belief, after reasonable inquiry, the document is well grounded in fact and warranted by existing law or is a good faith argument for the extension, modification, or reversal of existing law; and, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. When the conduct of a trustee violates Fed R Bankr P 9011, the US Trustee should consider filing a motion for the imposition of sanctions.

Rule 9011
(b) Representations to the court.
By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
- (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
- (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
- (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

(c) Sanctions.
If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

15. Procedures for suspension and removal of panel trustees and standing trustees as noted in §324. Trustees abused their position through volatile means, to callously infringe upon rights of a party, completely ignore rules, laws and regulations.

> PROCEDURES FOR SUSPENSION AND REMOVAL OF PANEL TRUSTEES AND STANDING TRUSTEES
> 28 C.F.R. § 58.6
> [a](3)    Failure to comply with the provisions of the Code, the Bankruptcy Rules, and local rules of court;
> (6)    Failure to display proper temperament in dealing with judges, clerks, attorneys, creditors, debtors, the United States Trustee and the general public;
> [d] (3)    The trustee has engaged in conduct that appears to be dishonest, deceitful, fraudulent, or criminal in nature;

2-4.5 REMOVAL
Section § 324 provides that the Court, after notice and a hearing, may remove a trustee for cause. The statute also provides that whenever the court removes a trustee in a case, the trustee shall be removed in all other assigned cases unless the court orders otherwise.

2-4.7 SANCTIONS
Fed. R. Bankr. P. 9011 was amended in 1991 to clarify that sanctions may be imposed for the unnecessary delay or needless increase in the cost of the administration of a case (patterned after F.R. Civ. P. 11). The rule provides that a trustee's signature on a document constitutes a certification that the trustee has read the document; that to the best of the trustee's knowledge, information, and belief, after reasonable inquiry, the document is well grounded in fact and warranted by existing law or is a good faith argument for the extension, modification,

or reversal of existing law; and, that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case. When the conduct of a trustee violates Fed. R. Bankr. P. 9011, the United States Trustee should consider filing a motion for the imposition of sanctions.

2-4.10 CRIMINAL REFERRALS

Whenever it is discovered that a trustee or an employee of a trustee is engaged in conduct that may constitute a federal crime, the US Trustee must immediately notify the Assistant Director for Review and Oversight and the General Counsel. USTM Volume 5 for procedures.

16. Trustee's demands for expedited litigation impeded upon rights of Debtor and no consideration to serious medical issues inflicted upon and plaguing constituent; forcing litigation against medical directives and ignoring health, safety and welfare of constituent and the public. No justification to trustee's malfeasance. The rights of constituent have been greatly infringed upon since the onset of litigation. Case before this Court is based solely upon Tupper as the only 'witness' to support trustee's contentions. With a long history of well documented fraud against numerous agencies, businesses, employers and people, the trustee's 'witness' is highly unreliable and no credibility to sustain any argument. A proponent [sibling Keith] of Tupper cites of a narcissistic, pathological liar.

17. US District Regional two, under the realm of Guy Van Baalen, failed to adequately monitor, regulate, direct, and control activities of his staff, wherein trustee Van Baalen is ultimately responsible for guidance of trustees and of their actions, or lack thereof.

Wherefore, undersigned respectfully requests an Order authorizing Sanctions as indicated herein, together with such other and further relief as to the Court may seem just and proper.

Dated: February 27, 2012

signature: *[signature]*
Kennedy Hyde
14 College St
Hamilton, NY 13346